## ANNA ECKERT, administratrix &c. *vs.* THE LONG ISLAND RAILROAD COMPANY.

One who is engaged in the performance of a legal duty, or of an act which, although not enjoined by positive law, yet which is meritorious and praiseworthy, or who is in the exercise of a legal right, and who, while so engaged, is injured through the negligence of another, is entitled to recover damages.

The liability of a carrier of passengers, for negligence, is the same, although the injury resulting to the passenger, therefrom, is occasioned by his own act, where the peril is so great as to justify the act. *Per* GILBERT, J.

This principle applies, also, to persons who are not passengers, but who have been placed in peril by the negligence of others, and are doing their best to extricate themselves from such peril; and to persons who are injured while humanely, and without actual negligence, trying to save other lives placed in peril by the negligence of the carrier.

APPEAL by the defendant from a judgment of the city court of Brooklyn, and from an order denying a motion for a new trial.

The action was brought by the plaintiff, as administratrix of the estate of her deceased husband, Henry Eckert, to recover damages for injuries received by the intestate, by being run over, or struck, by the defendants' locomotive, or cars, in consequence of which injuries he died. The occurrence happened about half a mile from the village of East New York. Eckert and a friend were standing in front of a building on the south side of the defendants' railroad, and about fifty feet from the track, conversing, when a train of cars came in from the east, without a signal given, at a high rate of speed, (some of the witnesses stated from fifteen to twenty miles an hour,) and running with the engine reversed—that is, the butt end instead of the cow-catcher in front. The speed was not slackened, though the train was entering the thickly populated part of the village. There were five or six children sitting close to the track, and one child near the rails on which the train was approaching. Eckert suddenly discovered the train coming, and the position of the child, and supposing it in danger, instantly rushed tow-

ards the child, seized it and carried it with him across the track in front of the train, which, at the time, was three or four feet off. He succeeded so far as to throw the child off the track and save its life, but the step on the part of the engine then in front struck his leg and back, and from the injury thus received he died that night.

On the trial, the defendants'. counsel moved for a nonsuit, upon the ground that it appeared that the deceased's negligence contributed to the injury; that upon that question there was no evidence for the jury to pass upon; that it was a question of law to be determined by the court; and upon the further ground, that the defendants were guilty of no negligence contributing to the accident. The motion was denied, and the defendants' counsel excepted.

At the close of the testimony, the counsel for the defendants requested the court to direct the jury to find a verdict for the defendants. The court declined so to charge, and the defendants' counsel excepted. Other exceptions were taken, during the trial.

The jury found a verdict in favor of the plaintiff, for $3500.

*S. B. Noble*, for the appellant.

I. The bare statement of the case ought to satisfy the court that the plaintiff cannot recover; her theory being that the deceased courted the very danger which resulted in loss of life, and her hope of sustaining the verdict and judgment resting solely upon the novel proposition that the voluntary act of her husband in exposing his own life, for the purpose of saving another from injury, entitles her to a recovery.

II. The defendants were guilty of no negligence contributing to the accident.

III. The plaintiff's intestate, by his want of caution, care, prudence and discretion contributed to the injuries which resulted in his death.

IV. The exception to the admission of testimony was good, and so are all the exceptions to the refusal of the judge to charge as requested.

V. The verdict should be set aside; the order denying the motion for a new trial should be reversed; and as there is no possible theory on which the cause of action can be sustained, judgment final should be ordered for the defendants, with costs.

*Geo. G. Reynolds,* for the respondent.

I. The negligence of the defendants being very plain, upon our version of the facts, which must be taken to be established by the verdict, the only real question is, whether the deceased was, as matter of law, guilty of negligence contributing to the injury. Of course it would be gross negligence to rush across a track in front of a coming train, needlessly and voluntarily; but when human life is in danger and may be saved, such an act may be entirely justifiable. To take a risk *with an adequate object in view,* is not necessarily negligence. The act of the deceased was humane and noble, and ought not to be stigmatized by the law as faulty. It was necessary, in order to save the life of the child, and the deceased could not be called upon to measure accurately the chances to which he exposed his own. Negligence, to preclude recovery, must be *culpable.* (*Ernst* v. *Hudson River Railroad Co.,* 35 *N. Y. Rep.* 26. *Munger* v. *Tonawanda Railroad Co.,* 5 *Denio,* 255, 264, 5. *Fero* v. *The Buffalo and State Line Railroad Co.,* 22 *N. Y. Rep.* 213.)

II. The act of the deceased was rather instinctive than voluntary; and was made so by the fault of the defendants, and *their* negligence created the emergency. Having caused the circumstances of peril, the defendants are responsible, though the deceased may not have exercised the soundest discretion, in his efforts to obviate the consequences of their fault. (*Wilds* v. *The Hudson River Rail-*

*road Co.*, 33 *Barb.* 503, 507–509. *Collins* v. *Alb. and Sch. Railroad Co.*, 12 *id.* 492. *Buel* v. *N. Y. Central Railroad Co.*, 31 *N. Y. Rep.* 318, 319. *Stokes* v. *Saltonstall*, 13 *Peters*, 181.)

III. It was a fair question for the jury to determine, applying to it their common sense and experience, whether the deceased did not use that care and judgment which an ordinarily prudent man, with manly impulses, would exercise under the circumstances. He had a right to presume that the train would come through that neighborhood at a low rate of speed; (*see Newson* v. *N. Y. Central Railroad Co.*, 29 *N. Y. Rep.* 383, 390;) he could not tell at a hasty glance, from his point of view—nearly in front of it—how far off it was, nor how fast it was coming, and he may have had good reason to suppose that he had time to rescue the child without injury to himself. He would have been right in that calculation, if the train had been running at such a rate as he had a right to expect. "The absence of any fault on the part of the plaintiff (in this case the deceased) may be inferred from circumstances; and the disposition of men to take care of themselves, and keep out of difficulty, may properly be taken into consideration." (*Johnson* v. *The Hudson River Railroad Co.*, 20 *N. Y. Rep.* 65, 71.) "The court is warranted in dismissing a complaint because of the plaintiff's own negligence only when such negligence is clearly proved." (*Creed* v. *Hartmann*, 29 *N. Y. Rep.* 591.) The plaintiff has a right to have the issue of negligence submitted to the jury, where it depends on inferences to be deduced from a variety of circumstances, in regard to which there is room for a fair difference of opinion between intelligent and upright-men. (*Ernst* v. *Hudson River Railroad Co.*, 35 *N. Y. Rep.* 9, 38–40.) This rule has been frequently affirmed in the Court of Appeals.

IV. The requests of the defendant were properly refused. The first six were each equivalent to asking a dis-

missal of the complaint, and the seventh assumes, in the first place, that the deceased was guilty of some negligence; and in the second, that he could tell the speed of the train.

V. What the court charged in relation to the injury being occasioned or augmented by the reversal of the engine, was entirely proper. It was simply saying that if the jury found that to be negligence occasioning injury, they might give damages for it, if the deceased was free from negligence.

VI. The request of the defendants, to charge that notwithstanding the engine might have been run backward, or had been running at an unusual rate of speed, yet if the decedent was negligent on his part, and that negligence contributed to the injury, the plaintiff could not recover, was fully complied with by the court, and the exception has no foundation.

*By the Court,* GILBERT, J. The verdict of the jury established the fact, that the accident was caused by the negligence of the defendants, without any fault or negligence on the part of the deceased. The evidence is sufficient to sustain the verdict, so far as it involves the defendants' negligence. But it was not disputed, or susceptible of dispute, that, but for the voluntary act of the deceased, which exposed him to imminent danger, the accident would not have happened. The question, therefore, is whether this act, under the circumstances of the case, was, in contemplation of law, one of negligence, and therefore precluded a recovery. Our opinion is, that it was not. A person who is engaged in the performance of a legal duty, or of an act which, although not enjoined by positive law, yet which is meritorious and praiseworthy, or who is in the exercise of a legal right, and who, while so engaged, is injured through the negligence of another, is entitled to recover. It is not the coöperation of the act of the person

injured with the negligence of the person causing the injury, that bars a recovery. To have that effect, the act must be an unlawful or negligent one. If lawful, and done with due care, prudence and caution, the defendant's negligence alone makes him liable.

In the case before us, the deceased made a noble and praiseworthy effort to save a little child, whose life was in imminent peril from an approaching train of the defendants', which was being run in a very negligent way. He succeeded in removing the child beyond danger, but in doing so lost his own life. The verdict of the jury frees him from all imputation of rashness, want of care and actual negligence of any kind. We are of opinion that the question was properly submitted to the jury, and that there is no rule of law which requires us to set aside the verdict.

It has been frequently held, that the liability of a passenger carrier for negligence will be the same, although the injury resulting to the passenger therefrom, is occasioned by his own act, where the state of peril will justify it. Such an act the law deems a natural and prudent precaution to extricate a person from peril, for which the carrier would have been liable. The principle is thus enunciated by Lord Ellenborough, in *Jones* v. *Boyce,* (1 *Stark.* 493:) "If I place a man in such a situation that he must adopt a perilous alternative, I am responsible for the consequences." This is equally good law and good sense, and has been declared by the Supreme Court of the United States, (*Stokes* v. *Saltonstall,* 13 *Pet.* 181,) by our own courts, (*Eldridge* v. *Long Island Railroad Co.,* 1 *Sand.* 89; *Buel* v. *N. Y. Central Railroad,* 31 *N. Y. Rep.* 314;) and by the courts of some of our sister States, (*Ingalls* v. *Bills,* 9 *Metc.* 1; *Galena Railroad Co.* v. *Yarwood,* 15 *Ill. Rep.* 468; *So: W. Railroad Co.* v. *Paulk,* 24 *Ga. Rep.* 356.)

We can perceive no good reason for withholding the application of the principle to persons who are not pass-

engers, but who have been placed in peril by the negligence of others, and are doing their best to extricate themselves from such peril, or to persons who, like the deceased, are injured while humanely, and without actual negligence, trying to save other lives thus placed in peril by the negligence of the defendant.

We have looked into the exceptions, but find none of them good. Upon the principle suggested, the case was well tried, and the judgment and order denying a new trial should be affirmed, with costs.

[KINGS GENERAL TERM, April 8, 1870. *J. F. Barnard, Gilbert, Tappen,* and *Pratt,* Justices.]