ANNA ECKERT, Administratrix of HENRY ECKERT, deceased, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.

The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under circumstances constituting rashness in the judgment of prudent persons.

A person voluntarily placing himself, for the protection of *property* merely, in a position of danger, is negligent, so as to preclude his recovery for an injury so received. It is otherwise, however, when such an exposure is for the purpose of saving human life, and it is for the jury to say, in such cases, whether the conduct of the party injured is to be deemed rash and reckless.

Accordingly, where the plaintiff's intestate, seeing a little child on the track of the defendant's railroad and a train swiftly approaching, so that the child would be almost instantly crushed unless an immediate effort was made to save it, and thereupon, in the sudden exigency of the occasion, rushing to save the child, and succeeding in that, lost his own life by being run over by the train.—*Held* (ALLEN and FOLGER, JJ., *contra*), that his voluntarily exposing himself to the danger, for the purpose of

saving the child's life, was not, as matter of law, negligence on his part precluding a recovery, and that the court did not err in refusing to nonsuit on that ground.

(Decided January 24th, 1871.)

Appeal from the judgment of the late General Term of the Supreme Court, in the second judicial district, affirming a judgment for the plaintiff in the City Court of Brooklyn, upon the verdict of a jury. Action in the City Court of Brooklyn, by the plaintiff as administratrix of her husband, Henry Eckert, deceased, to recover damages for the death of the intestate, caused as alleged by the negligence of the defendant, its servants and agents, in the conduct and running of a train of cars over its road. The case, as made by the plaintiff, was, that the deceased received an injury from a locomotive engine of the defendant, which resulted in his death, on the 26th day of November, 1867, under the following circumstances :

He was standing in the afternoon of the day named, in conversation with another person about fifty feet from the defendant's track, in East New York, as a train of cars was coming in from Jamaica, at a rate of speed estimated by the plaintiffs' witnesses of from twelve to twenty miles per hour. The plaintiff's witnesses heard no signal either from the whistle or the bell upon the engine. The engine was constructed to run either way without turning, and it was then running backward with the cow-catcher next the train it was drawing, and nothing in front to remove obstacles from the track. The claim of the plaintiff was that the evidence authorized the jury to find that the speed of the train was improper and negligent in that particular place, it being a thickly populated neighborhood, and one of the stations of the road.

The evidence on the part of the plaintiff, also showed, that a child three or four years old, was sitting or standing upon the track of the defendant's road as the train of cars was approaching, and was liable to be run over, if not removed ; and the deceased seeing the danger of the child, ran to it, and seizing

it, threw it clear of the track on the side opposite to that from which he came; but continuing across the track himself, was struck by the step or some part of the locomotive or tender, thrown down, and received injuries from which he died the same night.

The evidence on the part of defendant, tended to prove that the cars were being run at a very moderate speed, not over seven or eight miles per hour, that the signals required by law were given, and that the child was not on the track over which the cars were passing, but on a side track near the main track.

So far as there was any conflict of evidence or question of fact, the questions were submitted to the jury. At the close of the plaintiff's case, the counsel for the defendant moved for a nonsuit upon the ground that it appeared that the deceased's negligence contributed to the injury, and the motion was denied and an exception taken. After the evidence was all in, the judge was requested by the counsel for the defendant to charge the jury, in different forms, that if the deceased voluntarily placed himself in peril from which he received the injury, to save the child, whether the child was or was not in danger, the plaintiff could not recover, and all the requests were refused and exceptions taken, and the question whether the negligence of the intestate contributed to the accident was submitted to the jury. The jury found a verdict for the plaintiff, and the judgment entered thereon was affirmed, on appeal, by the Supreme Court, and from the latter judgment the defendant has appealed to this court.

*Aaron J. Vanderpoel*, for the appellant, after arguing and citing cases to show that there was no evidence of negligence on the part of the defendant, on the question of the negligence of the plaintiff's intestate, cited 47 Penn., 300, 375; *Evansville R. R. Co.* v. *Hyat* (17 Ind., 102); *Grippen* v. *N. Y. C. R. R. Co.* (40 N. Y., 34, 50); *Ernst* v. *Hudson R. R. Co.* (39 N. Y., 91); *Wilcox* v. *Rome & Watertown R. R. Co* (39 N. Y., 61); *Havens* v. *Erie Railway* (41 N. Y., 296).

*George G. Reynolds,* for the respondent, cited *Mangam* v. *Brooklyn City R. R. Co.* (38 N. Y., 455); *Newson* v. *N. Y. C. R. R. Co.* (29 N. Y., 383, 390); *Johnson* v. *Hudson River R. Co.* (20 N. Y., 65. 71); *Ernst* v. *Hudson River R. R.* (35 N. Y., 26); *Munger* v. *Tonawanda R.* (5 Den., 225, 264-5); *Fero* v. *Buffalo and State Line R. Co.* (22 N. Y., 213); *Stokes* v. *Salstonstall* (13 Peters, 181); Sherman & Redf. on Negl., 27, 28; *Wild* v. *Hudson R. R. Co.* (33 Barb., 503, 507, 508, 509); *Collins* v. *Alb. and Sch. R. R. Co.* (12 Barb., 492).

Grover, J.  The important question in this case arises upon the exception taken by the defendant's counsel to the denial of his motion for a nonsuit, made upon the ground that the negligence of the plaintiff's intestate contributed to the injury that caused his death.  The evidence showed that the train was approaching in plain view of the deceased, and had he for his own purposes attempted to cross the track, or with a view to save property placed himself voluntarily in a position where he might have received an injury from a collision with the train, his conduct would have been grossly negligent, and no recovery could have been had for such injury.  But the evidence further showed that there was a small child upon the track, who, if not rescued, must have been inevitably crushed by the rapidly approaching train.  This the deceased saw, and he owed a duty of important obligation to this child to rescue it from its extreme peril, if he could do so without incurring great danger to himself.  Negligence implies some act of commission or omission wrongful in itself.  Under the circumstances in which the deceased was placed, it was not wrongful in him to make every effort in his power to rescue the child, compatible with a reasonable regard for his own safety.  It was his duty to exercise his judgment as to whether he could probably save the child without serious injury to himself.  If, from the appearances, he believed that he could, it was not negligence to make an attempt so to do, although believing that possibly he might fail

and receive an injury himself. He had no time for deliberation. He must act instantly, if at all, as a moment's delay would have been fatal to the child. The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons. For a person engaged in his ordinary affairs, or in the mere protection of property, knowingly and voluntarily to place himself in a position where he is liable to receive a serious injury, is negligence, which will preclude a recovery for an injury so received; but when the exposure is for the purpose of saving life, it is not wrongful, and therefore not negligent unless such as to be regarded either rash or reckless. The jury were warranted in finding the deceased free from negligence under the rule as above stated. The motion for a nonsuit was, therefore, properly denied. That the jury were warranted in finding the defendant guilty of negligence in running the train in the manner it was running, requires no discussion. None of the exceptions taken to the charge as given, or to the refusals to charge as requested, affect the right of recovery. Upon the principle above stated, the judgment appealed from must be affirmed with costs.

CHURCH, Ch. J., PECKHAM and RAPALLO, JJ., concur.

ALLEN, J. (dissenting). The plaintiff's intestate was not placed in the peril from which he received the injury resulting in his death, by any act or omission of duty of the defendants, its servants, or agents. He went upon the track of the defendant's road in front of an approaching train, voluntarily, in the exercise of his free will, and while in the full possession of all his faculties, and with capacity to judge of the danger. His action was the result of his own choice, and such choice not compulsory. He was not compelled, or apparently compelled, to take any action to avoid a peril, and harm to himself, from the negligent or wrongful act of the defendant, or the agents in charge of the train. The plaintiff's rights are the same as those of the intestate would have

been, had he survived the injury and brought the action, and must be tested by the same rules; and to him and consequently to the plaintiff, the maxim *volenti non fit injuria* applies. It is a well established rule, that no one can maintain an action for a wrong, when he consents or contributes to the act which occasions his loss. One who with liberty of choice, and knowledge of the hazard of injury, places himself in a position of danger, does so at his own peril, and must take the consequences of his act. This rule has been applied to actions for torts as well as to actions upon contract, under almost every variety of circumstance.

Whenever there has been notice of the danger, and freedom of action, the injured party has been compelled to bear the consequences of the action irrespective of the character and degree of negligence of other parties. (*Gould* v. *Oliver*, 2 Scotts. N. R., 257; *Ilott* v. *Wilkes*, 3 B. & Ald., 311; *Slagan* v. *Slingerland*, 2 Caines, 219; Per MARVIN, J., in *Corwin* v. *N. Y. and E. R. R. Co.*, 3 Ker., 42; per COWEN, J., in *Hatfield* v. *Roper*, 21 W. R., 620.) The doctrine applicable to voluntary payments of money not recoverable by law grows out of this rule of law, and the rules governing in cases of contributing negligence of the injured party is nearly allied to, if not an outgrowth of the maxim *volenti non fit injuria.*

Whether the defendant was or was not guilty of negligence, or whatever the character and degree of the culpability of the defendant and its servants is not material. The testator had full view of the train and saw, or could have seen, the manner in which it was made up, and the locomotive attached, and the speed at which it was approaching, and, if in the exercise of his free will, he chose [for any purpose] to attempt the crossing of the track, he must take the consequence of his act. The defendant may have been running the train improperly, and perchance illegally, and so as to create a legal liability in respect to any one sustaining loss solely from such cause, but the company is not the insurer of, or liable to those

who, of their own choice and with full notice, place them-
selves in the path of the train and are injured.

It is not the law that the co-operating act of the injured
party must be culpable or wrong in intention. It may be
merely negligence or the result of the free exercise of the
will. (Per BEARDSLEY, J., *Tonawanda R. R. Co.*, v. *Mun-
ger*, 5 Denio, 255.) The rescue of the child from apparent
imminent danger was a praiseworthy act and entitled the
plaintiff to the favorable consideration of the court and to a
lenient and liberal interpretation and application of the rules
of law in her behalf. But the principles of law cannot yield
to particular cases.

The act of the intestate in attempting to save the child was
lawful as well as meritorious, and he was not a trespasser upon
the property of the defendant, but it was not in the perform-
ance of any duty imposed by law, or growing out of his relation
to the child, or the result of any necessity. There is nothing
to relieve it from the character of a voluntary act, the per-
formance of a self-imposed duty, with full knowledge and
apprehension of the risk incurred. *Evansville R. R. Co.* v.
*Hyatt* (17 Ind., 102), is in circumstance somewhat like the case
before us, and the decision is in accord with the views herein
expressed.

I am of the opinion that the judgment of the Supreme
Court and of the City Court of Brooklyn should be reversed
and new trial granted, costs to abide event.

FOLGER. J., concurred in the foregoing opinion.

Judgment affirmed.