DONAHOE *et al.* v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence** : DANGER : RESCUE. The negligence of a person causing danger as to the person in danger is imputable to the former with respect to one who attempts a rescue, and if the former is not guilty of negligence as to such person in danger, then he is only liable for negligence occurring with regard to the rescuer after the attempt to rescue began.

.2 **Child, Rescue from Danger by Parent.** Where a mother is injured while attempting to rescue her infant child from the danger of an approaching railroad train, the railroad is liable if it was guilty of negligence with respect to the child before the mother attempted the rescue, or with respect to the mother or child, after the attempt to save the child began, and this is the case, although the parents of the child may have been guilty of contributory negligence in permitting it to go on the track.

3. **Instructions.** Instructions calculated to mislead or to confuse the jury should not be given.

*Appeal from Chariton Circuit Court.*—A. W. MULLINS, ESQ., Special Judge.

REVERSED.

*H. S. Priest* for appellant.

Respondents ought not to have recovered either upon their own case, or upon the whole case as made. (1) Because of their contributory negligence in permitting their child to go upon and play about, unguarded and uncautioned, the appellant's track, over which they knew trains, both extra and regular, were accustomed to pass, and might be expected at any moment. *Bellefontaine Ry. Co. v. Snyder*, 24 Ohio St. 670; *Moore v. Metropolitan Ry. Co.*, 2 Mackey (Dist. Col.) 437; *Smith v. Ry. Co.*, 2 Am. & Eng. Ry. Cas. 12; *Ry. Co. v. Brown*, 49 Ind. 154; *Hunt v. Greer*, 72 Ill. 393; *Callahan v. Bean*, 9 Allen 401; *City of Chicago v. Starr*, 42 Ill. 174;

*Morrison v. Erie Ry. Co.*, 56 N. Y. 302; *Ry. v. Hanlon*, 53 Ala. 70; *Ry. v. Brown*, 40 Ind. 545; *Ry. v. Huffman* 28 Ind. 287; *Cauley v. Ry.*, 2 Am. & Eng. Ry. Cas. 4; *Ry. v. Hummel*, 44 Pa. St. 375. (2) Because of the want of any proof of negligence on the part of appellant as to Mary Donahoe, the mother, or any *causal* connection between the negligence, if any, which injured the child and the injuries to her. Her independent volition and purpose intervened, caused her injuries, and broke the causal connection between the negligence of defendant and the result to her. Or, to put the proposition with more simplicity, the mother's injuries were not the natural and ordinary result of defendant's negligence. Her voluntary act interposed and added a new result. *Schiffer v. Ry. Co.*, 105 U. S. 249; *Lewis v. Ry. Co.*, Sup. Ct. Mich., June, 1884; St. Louis Ry. Reg., Aug. 9th, 1884, Vol. 9, p. 383; *Henry v. Ry.*, 76 Mo. 288; *Ry. v. Spearen*, 47 Pa. St. 300. (3) Because of plaintiff Mary's contributory negligence, the court erred in giving the instructions asked by respondents. *Maher v. Ry. Co.*, 64 Mo. 276; *Yarnall v. Ry. Co.*, 75 Mo. 583; *Frick v. Ry. Co.*, 75 Mo. 595; *Halligan v. Ry. Co.*, 71 Mo. 113; *Ry. v. Spearen*, 47 Pa. St. 300; *Walters v. Ry.*, 41 Ia. 78; *Ry. v. Morgan*, 82 Pa. St. 134; *Meyer v. Ry.*, 2 Neb. 319; *Telfer v. Ry.*, 30 N. J. L. 188; *Bullene v. Smith*, 73 Mo. 151; *Price v. Ry.*, 72 Mo. 414; *Ely v. Ry.*, 77 Mo. 34; *Belt v. Goode*, 31 Mo. 130; *Cooke v. Thomas*, 17 Mo. 329. Thompson on Charging Jury, p. 93; *Harrison v. Cachelin*, 27 Mo. 26; *Kelly v. Ry.*, 75 Mo. 144; *Gilson v. Ry. Co.*, 76 Mo. 282. The court improperly declared the law in the instructions given of its own motion. The court erred in refusing the instructions asked by appellant.

*John Montgomery, E. A. Andrews* and *U. S. Hall* for respondents.

(1) Contributory negligence cannot be charged

against respondents under the circumstances of this case from their child being upon the railway track. (2) The respondent, Mrs. Donahoe, was not guilty of contributory negligence in risking her life in an effort to save that of her child. Wharton on Negligence, section 314; *Eckert v. Ry. Co.*, 43 N. Y. 502; *Ry. v. Hiatt*, 17 Ind. 102; *Lennihan v. Sampson*, 126 Mass. 506; Shearman and Redfield on Negligence, p. 34. (3) The court properly declared the law in its instructions to the jury.

HENRY, J.—This suit is for the recovery of damages for injuries sustained by plaintiff, Mary, in attempting to rescue her child alleged to have been on the defendant's track in front of an approaching freight train. The evidence in the case does not, except in a few particulars which will be noted, differ very materially from that in the case of these plaintiffs against this defendant, for the killing of the child, decided at this term.

Mrs. Donahoe testified that the child was lying on the rail of the track trying to cross it. She did not so testify in the other case. Mrs. McAuliff testified that when she first saw the child it was lying across the rail on its hands and feet and the little girl was pulling it. This she did not testify to on the former occasion. Murray, the engineer, testified in this case "that he did not keep the woman in his vision all the time, didn't see her raising her hand or making any signal whatever." In the other case he testified that "she seemed to be excited and running faster. The indications of her excitement were quick movements, moving her arms, running and waving her hands." Also, "that he was about 600 feet from the child when he shut off steam, running 25 miles per hour; that he was 200 feet when he reversed the engine. Did not call for brakes before he shut off steam, but couldn't say whether he called for brakes before he reversed the engine."

It is unnecessary to state the evidence in relation to the alleged contributory negligence of the plaintiffs in permitting this child to be upon the track. That ques-

tion was properly submitted to the jury in instructions given. The court gave five instructions of its own motion, seven asked for by plaintiffs, and refused twenty requested by defendant. Counsel, who ask so many instructions in a cause in which two or three, at most, could be submitted embracing all the law applicable, cannot expect this court to embody them in its opinion or notice them in detail. I shall not attempt it on this occasion, but ascertain if I can and declare the law and then determine whether the instructions given fairly presented it to the jury. Mr. Wharton in his work on Negligence says it was properly held in *Eckert v. R. R.*, 43 N. Y. 502: "That a railroad is to be held liable for running over one who seeks to save a little child on its track whom it is about negligently to strike." Sec. 314. Mr. Pierce in his work on Railroads says: "The fact that the injured person did some act by which he incurred or increased danger, does not necessarily involve negligence which will prevent recovery when the danger was created by some unlawful act of the company." p. 328. He cites with approval *Eckert v. R. R., supra*; *Linneham v. Sampson*, 126 Mass. 506; and *Gov. St. R. Co. v. Hanlon*, 58 Ala. 70. The two cases last cited approve the doctrine of the case of *Eckert v. R. R., supra*; which is also approved by Shearman and Redfield in their work on Negligence. The case of the *Evansville Ry. Co. v. Hiatt*, 17 Ind. 102, is not in conflict with the foregoing authorities. There, no negligence of the railroad company was proved, nor from the report of the case does it appear that such negligence was alleged and the court in its opinion says "they were guilty of no manner of negligence whatever."

It is to be observed that it is only when the railroad company, by its own negligence, created the danger, or through its negligence is about to strike a person in danger, that a third person can voluntarily expose himself to peril in an effort to rescue such person and recover for an injury he may sustain in that attempt. For

instance, if a man is lying on the track of a railroad intoxicated or asleep, but in such a position that he could not be seen by the men managing an approaching train and they had no warning of his situation, and another seeing his danger should go upon the track to save his life and be injured by the train, he could not recover, unless the train men were guilty of negligence, with respect to the rescuer, occurring after the beginning of his attempt. If the railroad company is not chargeable with negligence with respect to the person in danger, the case of the person who attempted to rescue him and was injured must be determined with reference to the negligence of the company in its conduct toward him and his in making the attempt. In other words, the negligence of the company, as to the person in danger, is imputed to the company with respect to him who attempts the rescue, and if not guilty of negligence as to such person, then it is only liable for negligence occurring with regard to the rescuer, after his efforts to rescue the person in danger commenced.

If this child was on the track, as testified by its mother and Mrs. McAuliff, as between the company and the child, the train men were guilty of negligence in not seeing it, because the engineer had seen the children and the two women near the track and it was his duty to keep a lookout. *Frick v. R. R.*, 75 Mo. 610. If it was not on the track, as he and others testified, and not seen approaching the track until the locomotive was so near it that the train could not have been stopped in time to avoid striking it, then no negligence is imputable to them nor in that case can negligence be imputed to them, unless it was in not stopping the train when they saw the conduct of the women running upon or near the track. If the evidence should establish the fact that the engineer saw these women and children near the track, from a point one-fourth of a mile west of where the child was struck, and that immediately after he saw the women get upon the track, run toward the train

greatly excited and waving their hands and a red shawl, and, after seeing this could have stopped or so checked the speed of the train that the mother could have rescued her child and not herself been struck by the engine, plaintiffs are entitled to recover, whether they were guilty of the alleged contributory negligence or not. If the defendant's servants were guilty of negligence, after Mrs. Donhaoe got upon the track, in not stopping or checking the speed of the train, that cancels her prior contributory negligence and takes that question out of the case, if it was ever properly in it. Their contributory negligence in permitting the child to be on the track would not prevent a stranger from recovering damages for an injury sustained in attempting its rescue, and we are inclined to the opinion that the mother or father would have the same right and certainly a much greater inclination to save its life. No negligence is imputable to a child as young as the one killed by this train.

One, the fifth instruction given at plaintiffs request, is as follows: (5) "The court instructs the jury that although the infant child of plaintiffs had no right upon the track of defendant's railway, yet the fact that he was there did not discharge the defendant's employes from the observance of due care and watchfulness towards him, nor did it give the defendant or its employes any right to run over him if that could have been avoided by the exercise of ordinary care and watchfulness."

It was manifestly improper to give the instruction. The testimony for plaintiff tended to prove that the child was on the track when the train was a fourth of a mile or more distant and continued on the track until it was killed, while that of defendant was to the effect that when the train was within about 200 feet of the child, it not having before been on the track, it appeared between the rails. If it got upon the track at the time stated by defendant's witnesses it was impossible for the train men to avoid striking it, if defendant's uncontradicted testimony is to be credited, as to the time within which the train could have been stopped or checked, so as to have

avoided striking the child.　Except upon the assumption that the child was upon the track at a time when the train men could have avoided injuring it by the exercise of due care, the instruction is wholly inapplicable to the case ; and if the child got on the track at the time testified to by the engineer and other of defendant's witnesses, and the assumption in the instruction that it was upon the track related to that time, it instructs the jury with regard to the degree of care to avoid doing what then could not possibly have been avoided.　The instruction could have served no purpose but to mislead or confuse the jury.

The seventh for plaintiff is still more objectionable. It asserts that Mary Donahoe had a right to make every effort to rescue her child and was not to be charged with contributory negligence in the attempt, in the manner made, unless she made such efforts under the circumstances as would constitute rashness in the judgment of prudent persons.　This entitled plaintiff to a recovery, whether defendant was guilty of any negligence or not, provided she was not guilty of rashness in the attempt to save the child.　This, as we have seen, is not the law. The defendant is not chargeable with her injury, unless it was guilty of negligence with respect to the child before the mother attempted its rescue, or with respect to the mother or the child after her efforts to save the child commenced.

I have not attempted, because I do not deem it important, to note all the objections to instructions given and refused, but have endeavored to declare the law applicable to the case in a manner that will enable the lower court to avoid the errors which the instructions. contain and give proper instructions on a re-trial of the cause, earnestly urging the importance of declaring the law in as few brief instructions as possible.　For the errors above noted, the judgment is reversed and the cause remanded.　All concur.