W. T. AUSTIN, Appellant, v. J. W. BOYD, Respondent.

St. Louis Court of Appeals, November 9, 1886.

1. STATUTE OF FRAUDS—PART PERFORMANCE.—Under evidence tending to show a contract for the sale of a lot of tobacco, it is error to non-suit the plaintiff, who seems to enforce the contract, although there is no written memorandum of the sale signed by the defendant, where a part of the tobacco has been delivered.

2. EVIDENCE—BEST.—The rule which requires the production of the best evidence does not require that the best witness to a fact provable by oral evidence shall be produced.

3. ——— WITNESSES—REFRESHING MEMORY.—A person who was present at an auction sale is competent to prove what occurred at the sale, although the auctioneer is not produced or his absence accounted for, and he may refresh his memory from memoranda made at the time.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and remanded.*

JOHN R. CHRISTIAN, for the appellant: The sale was good under the statute of frauds, because of the delivery of a part of the goods sold. *Rickey v. Tenbroeck*, 63 Mo. 563. The evidence was properly admitted. *Wernwag v. Railroad*, 20 Mo. App. 473.

BROADHEAD & HAEUSSLER, for the respondent: Under the evidence there was no sale in bulk. The price per one hundred was merely fixed; each package was to be paid for before delivery; no delivery of part on account of all; no payment on account of all; no memoranda signed by either party. The possession and ownership never changed as to either package, and was not to change until paid for, and under section 2514, Revised Statutes, 1879, the defendant was not liable. *Kirby v.*

*Johnson*, 22 Mo. 354; *Harvey v. St. Louis Butchers' Association*, 39 Mo. 211; *Cunningham v. Ashbrook*, 20 Mo. 553.

Thompson, J., delivered the opinion of the court.

The petition states in substance that the defendant bought of the plaintiff, thirteen hogsheads of tobacco, at eight dollars per hundred; that he received and paid for six of them in pursuance of the contract of sale, but refused to receive and pay for the remainder; that the plaintiff, after keeping the remaining hogsheads for a time stated, after having given the defendant ample notice, advertised and exposed the same for sale to the highest bidder; and prays judgment for the difference between the price which the remaining hogsheads brought and the price which the defendant had agreed to pay for them. The answer traverses all the allegations of the petition. After hearing the evidence the court instructed the jury that the plaintiff was not entitled to recover.

I. The plaintiff gave evidence tending to support the substantial allegations of his petition, as above set out. The defence was the statute of frauds. It is plain that the court erred in the instruction for a non-suit, since the delivery of a part of the tobacco under a contract for the sale of the whole would take the case out of the statute. *Rickey v. Tenbroeck*, 63 Mo. 563. And whether this was the nature of the contract, was, in the state of the evidence, a question of fact for the jury.

II. The court refused to allow a witness, who had kept the books of the commission house through which the contract was alleged to have been made, to refer to the books to refresh his memory upon a material point. This was error.

III. The court refused to allow the same witness to testify as to the prices for which the remaining hogsheads of tobacco were sold, after using the books to refresh his memory, on the ground "that the auctioneer was the best evidence, and as he was not there nor ac·

counted for, no one else could testify." This was clear error. It was not proposed to prove the facts by the books, but merely to allow the witness to refer to the books in order to refresh his memory. There is no rule of evidence in pursuance of which one competent witness, who is willing to swear to a fact, can be excluded on the ground that some other person may be supposed to have better knowledge of the fact, which other person is not produced or accounted for.

The judgment will be reversed and the cause remanded. It is so ordered, with the concurrence of all the judges.