## CONDITIONS OF RECOVERY FOR INJURIES IN SAVING LIFE OF ANOTHER.

THE PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO. v. LYNCH.

69 Ohio State—Decided, October 27, 1903.

*Injuries Sustained in Effort to Save Life of Another—Action to Recover on Account of—Conditions for Recovery—Rescuer not to be Reckless—Question of Negligence of Person Sought to be Rescued.*

In an action to recover on account of injuries sustained in an effort to save human life the conditions upon which there may be a recovery are: "That the person whose rescue is attempted must be in a position of peril from the negligence of the defendant, and the rescue must not be attempted under such circumstances or in such a manner as to constitute recklessness." Those conditions appearing, a recovery will not be prevented by the fact that negligence of the person whose rescue is attempted contributed to his peril, nor by the fact that the plaintiff is an employe of the defendant.

Error to the Circuit Court of Tuscarawas County.

The railway company for purposes of operating its road maintains ten tracks over the grade crossing of Third street in Dennison, that street being the principal thoroughfare of the village, about one-third of its population of 4,000 residing upon one side of the tracks and two-thirds on the other. On the twenty-fifth of April, 1900, while Lynch was acting as the company's only watchman at the crossing, one of the tracks being occupied by a passing train, and he engaged in looking after the safety of a number of school children who were about to cross the tracks, a caboose was, without warning, kicked over the crossing on another track at the rate of about eight miles an hour without any one on its forward end to warn persons of its approach. Lynch observed a woman apparently unconscious of the approach of the caboose on the track on which it was approaching, and, as he believed, in danger of being run down by it. He attempted to give her a warning signal with his flag, but she did not observe the warning; he then hastened

to her rescue, pushed her from the track, but was himself
caught by the caboose and seriously injured. He had been at
the crossing about three weeks, his duty being to see that teams
and footmen crossed the tracks in safety. The degree of care
which he exercised could only be inferred from the circumstance
of the accident. There was evidence tending to show that the
caboose was sent over the street in the manner stated, and that
the woman rescued was not exercising due care. Lynch brought
suit in the court of common pleas to recover for his injury,
alleging negligence of the company in the manner of operating
the caboose, and in other respects; such negligence being alleged
to be the cause of his injury. The company denied that it was
negligent and pleaded that if Lynch was injured, it was the
result of his own carelessness. The material question presented
for decision is raised by the following portion of the charge:

"The plaintiff claims that he was struck by a car and injured
while he was in the act of rescuing a woman from danger and
saving her life. To hold the railroad company responsible in
damages for this injury, it must be shown that the woman was
in danger of being run over and injured by the approaching
car, and that such danger was caused or created by the negli-
gence of the railroad company, and that in making an effort
to rescue the woman the plaintiff was not guilty of contributory
negligence. These are questions of fact which it will be your
duty to determine from the evidence.

"If you find that the peril to which the woman was exposed
was caused by such negligence of the company, you will then
inquire whether the plaintiff, Lynch, in passing on to the track
and attempting to rescue the woman, was guilty of contributory
negligence.

"The law will not impute negligence to an effort to preserve
human life unless made under such circumstances as to consti-
tute rashness in the judgment of prudent persons. If the
plaintiff believed, and had good reason to believe, that he could
save the life of the woman without serious injury to himself,
the law will not impute to him blame for making the effort.
The attending circumstances as shown by the evidence must be
regarded; the alarm, the excitement and confusion, if you find
any to have existed on said occasion, the uncertainty, if any, as
to the proper move to be made; the promptness, if any, required,
and what liability to mistake as to the best course to pursue.
All these circumstances, as shown by the evidence, may be
considered by you in determining whether, under the peculiar

circumstances of this case, the plaintiff was in the exercise of ordinary care at the time he received his injuries.''

There was a verdict in favor of the plaintiff which was followed by a judgment, and that judgment was affirmed by the circuit court.

*Dunbar & Sweeney* and *T. D. Healea,* for plaintiff in error.

*T. H. Loller* and *D. A. Hollingsworth,* for defendant in error.

SHAUCK, J.; BURKET, C. J., SPEAR, DAVIS, PRICE and CREW, JJ., concur.

With respect to the general instructions given to the jury upon the subjects of negligence and the measure of recovery, it is sufficient to say that they were in substantial accordance with the familiar cases. But regarding the peculiar circumstances of the case, counsel for the company insist that the rescuer could not recover for the injury to him if the person rescued was in peril, because of such contributory negligence on her part as would have prevented a recovery by her if she had been injured. The trial judge was not requested to give to the jury an instruction embracing that view of the law; but the verdict for the plaintiff appears to have been returned without regarding the evidence tending to show negligence on her part, and it is assumed that this was in accordance with the instruction given that the law will not impute negligence to one attempting to save human life unless the attempt is made under such circumstances or in such a manner as to constitute rashness or recklessness. The jury had been told in another portion of the charge that there is no presumption of negligence against either party, and they perhaps understood the word impute to be used in its theological sense, and the instruction to signify that his right of action was not affected by her negligence. This portion of the charge was given in the language of this court in *Railroad Co.* v. *Langendorf,* 48 Ohio St., 316, but it is insisted that the case cited and the present case are distinguishable by the two facts that the person whose rescue was there attempted was an infant incapable of negligence, while here she was chargeable with the consequences of her conduct; and Langendorf was a stranger

to the company, while the plaintiff in the case was its employe. Obviously the cases present the suggested differences of fact. Are those differences of legal significance? Apparent support is given to the view presented by counsel for the company by commentators whose conclusions have been affected by misconceptions of the three cases which they cite: *Railroad Co.* v. *Hiatt,* 17 Ind., 102; *Donahue* v. *Railway Co.,* 83 Mo., 560; *Sann, Admr.,* v. *The H. W. Johns Manufacturing Co.,* 16 App. Div. (N. Y.), 252. In none of these cases was the judgment placed upon the ground that the person whose rescue was attempted had been guilty of negligence which was contributory merely, but that his was the only negligence which the case presented—that the defendant had not been negligent. The cases were determined upon the self-evident proposition that an action of negligence can not be prosecuted successfully against one who has not been negligent. In the present case the jury were distinctly instructed that their verdict must be for the company unless the evidence showed that it had been negligent as charged in the petition. The view of the law which was given to the jury in the present case was expressed by Grover, J., in *Eckert* v. *Railroad Co.,* 43 N. Y., 502. It has been adopted in *Railroad Co.* v. *Langendorf,* and in many other cases. It is worthy of notice that while some of them were cases of the rescue, or attempted rescue, of infants, that fact has not been regarded as having legal significance, and the judgments have been placed upon grounds which are found in the present case. If the view now urged by counsel is considered as unaffected by the decided cases, it must be rejected because of the impracticability of applying it. It invokes the principle of subrogation as the test of the plaintiff's right to recover. If that principle should be adopted to determine his right to recover, for equal reason it should determine the amount of his recovery. By what process could it be ascertained what the extent of her injury would have been if the attempted rescue had failed? The view presented would lead to the conclusion that if the attempted rescue had failed and she had been injured without her fault, no right of action would have accrued to him because such right would have accrued to her. The insurmountable difficulties which would be met

in an attempt to apply the suggested doctrine in an action under the statute for the benefit of the next of kin when the injuries of the rescuer prove fatal, need not be stated. It seems clear that the law will not admit of the suggested refinement.

Lynch's right of action is not unfavorably affected by the fact that he was an employe of the company. Approbation of his conduct should not lead to a recovery in his favor contrary to the doctrines of the law upon the subject, but a brief consideration of those doctrines will show that his recovery was proper. The evidence tended to show, and the charge required that it should establish, the negligence of the company. One is liable for the consequences of his negligence unless there appears to be a contributing cause arising from conduct of the plaintiff which, in the eye of the law, is reprehensible, such as unlawfulness or negligence. Can it be said that the generous and heroic performance of duty is reprehensible? It is according to settled and salutary rules that a recovery is denied one who voluntarily goes into a place of danger, omitting to use present opportunities for circumspection and care, and failing to discharge his primary duty to regard his own safety. But if the reason of the law is its life, can it be said that the same judgment awaits one who is required to act under circumstances which leave no opportunity for circumspection, and in the discharge of the primary duty to regard the safety of others? Would it be considerately said that the duty imposed upon a railway company to keep a watchman at a crossing such as this would be discharged by keeping a watchman under instructions to care for those only who, if injured, might maintain actions against it? The duty is to the public. The present case showed that the woman rescued was in great peril. Though called as a witness for the company, she testified as to her utter confusion at the time of the accident, and that she did not know whether she was swept from the track by the hand of the watchman or the end of the caboose. There was, therefore, a situation which called upon the watchman to act with the utmost promptness, and for that situation he was not responsible. No fact of legal significance distinguishes the present case from *Railroad Co.* v. *Langendorf*, and the conditions to the plaintiff's recovery were

properly stated to the jury. To the authorities cited in that case may be added *Gibney* v. *State of New York*, 137 N. Y., 1, and *Eckert* v. *Railroad Co.*, 57 Barb., 555.

*Judgment affirmed.*