### MANZELLA v. ROCHESTER RY. CO.

(Supreme Court, Appellate Division, Fourth Department.   May 3, 1905.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—ACTS AND EMERGENCIES—CONTRIBUTORY NEGLIGENCE.

Deceased, a girl 15 years of age, while waiting at a street crossing for the passage of cars, on seeing a boy 4 or 5 years old attempt to cross in front of a car on the furthest track from her, voluntarily rushed toward him, seized and pulled him from in front of the car, and as she stepped back upon the track nearest her she was struck by a car coming from the opposite direction, which, when she started for the boy, was between 65 and 200 feet distant. The space between the tracks allowing for the widest overhang was only from 13 to 17 inches, so that her only means of escape was to retrace her steps. *Held*, that deceased, in voluntarily placing herself in danger to save the boy, was not guilty of contributory negligence as a matter of law.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 102.]

2. SAME—TRESPASS.

Deceased was not a trespasser in going in front of the car for the purpose of rescuing the boy from imminent peril.

3. SAME—NEGLIGENCE OF MOTORMAN—QUESTION FOR JURY—EVIDENCE.

In an action for the death of a pedestrian struck by a street car at a crossing, evidence *held* to require submission of the question of the motorman's negligence to the jury.

McLennan, P. J., and Stover, J., dissenting.

Exceptions from Trial Term, Monroe County.

Action by Calogero Manzella, as administrator of the estate of Sarah Manzella, against the Rochester Railway Company. A nonsuit was granted at the close of plaintiff's evidence, and plaintiff's exceptions ordered heard in the first instance by the Appellate Division. Exceptions sustained.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Salvator Vella, for plaintiff.
Charles J. Bissell, for defendant.

SPRING, J.   Sarah Manzella, a girl 15 years of age, was, on the 3d day of September, 1902, hit by a north-bound car of the defendant on State street, in the city of Rochester, and received injuries from which she died, and this action was commenced by her administrator to recover damages by reason of her death. There are two parallel tracks of the defendant in State street, which extend north and south. The easterly track is for northbound cars, and the other for those going in an opposite direction.

The plaintiff's intestate, on the afternoon of the accident, while returning from her work, stopped on the east side of the street, waiting for cars of the defendant to pass. A north-bound car passed in front of her and a south-bound car was approaching. A small boy, four or five years of age, who stood near the girl, started to cross over the tracks and in front of the approaching south-bound car. The girl, apparently noticing his perilous situation, rushed towards him, seizing and pulling him from in front of the car. She then stepped back, and was struck by the car from the south. The witnesses did not agree in their estimates of the distance the north-bound car was from the scene of the accident when the girl started for the boy. They range from 65 to over 200 feet in giving this distance. From the time the girl started for the boy until she was struck everything that occurred was in plain view of the motorman of the north-bound car. Dr. Losey, a physician, who was on a bicycle, and traveling alongside of this car, observed the boy run in front of the south-bound car, saw the girl rush after him and detailed the transaction until the upgoing car shut off his view. She did not wholly leave the easterly track. She stood with one foot between the rails of this track and the other between the two tracks, and reached over and took hold of the boy, drawing him toward her from the front of the car. That car cut off her passage across the street. The space between the two tracks was 4 feet and 5 inches, and with the widest overhang of the car the space between them when side by side was only from 13 to 17 inches. The girl was in a critical situation. She could not cross over. To stand between the two passing cars was perilous, and to step back was more so. In measuring her conduct we must consider the excitement natural to rescuing the boy, the age of the girl, and the dangerous situation in which she was placed. It was necessary for her to act instantaneously in these surroundings and circumstances, and she was not responsible if she failed to make the widest choice of the chances to escape disaster, or even if she adopted the one most perilous. She was not to be charged with negligence per se in voluntarily putting herself in danger to save the life of the boy. Eckert v. Long Island R. R. Co., 43 N. Y. 502, 3 Am. Rep. 721; Manthey v. Rauenbuehler, 71 App. Div. 173, 75 N. Y. Supp. 714. Nor was she a trespasser in going in front of a fast coming car when animated by the humane desire to rescue the lad from imminent peril. Spooner v. Delaware, L. & W. R. R. Co., 115 N. Y. 22–34, 21 N. E. 696. From the time she started over the easterly track after the boy until she was struck the motorman had a clear view of the whole transaction. If he was observant and mindful of his duty, he saw her pull the boy from the track in front of the south-bound car, and saw that she did not leave the track on which his car was running. If the story of the plaintiff's witnesses is to be credited, he ought to have appreciated the peril this girl was in, and stopped his car. By the exercise of ordinary care and judgment, he ought to have realized the uncertainty of her crossing the other track. He also ought to have apprehended the danger she encountered in attempting to return in front of his car, or of stand-

ing between the two cars as they passed each other. It is apparent that whichever way she turned she was to be confronted with impending danger, and the jury had a right to say that the motorman ought to have understood this fact. He had ample time to stop his car. It was going up grade, 6 or 8 miles an hour, and the proof shows that it could have been stopped within 40 or 50 feet; but its speed was not slackened at all until the girl was struck. No warning signal was given of its approach, although, if given, that might not relieve the defendant for failing to stop the car. We think the negligence of the defendant and the conduct of the intestate as well were for the jury to pass upon.

The plaintiff's exceptions should be sustained, and a new trial ordered, with costs to the plaintiff to abide the event. So ordered. All concur, except McLENNAN, P. J., and STOVER, J., who dissent.