JOHN W. DIXON *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Bristol.    October 25, 1910. — November 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Due care of plaintiff, Proximate cause, In freight yard, Railroad.  *Proximate Cause.   Railroad.*

In an action against a railroad corporation by the driver of a meat wagon, who had
been sent by his employer to unload beef from a car standing on a track in a
freight yard of the defendant, if there is evidence that the plaintiff, seeing the
driver of another team struggling to restrain a plunging horse upon or close to a
track of the defendant on which a train was approaching, went to the assist-
ance of such other driver for the purpose of rescuing him from impending
danger and in doing so went upon the track and was run over by the train, and
was injured, the question whether the plaintiff was in the exercise of due care
is for the jury.

Collection by SHELDON, J., of authorities in other jurisdictions, supporting the
proposition, that it may not be negligence for one, who is not acting rashly or
recklessly, to expose himself voluntarily to great danger and even to the risk of
life and limb, in order to rescue another from a like peril, and that such a vol-
untary exposure is not to be regarded as rash or reckless if there appears to be
a fair chance of success, although the person attempting the rescue knows that
it involves great hazard to himself without a certainty of accomplishing the
rescue.

In an action against a railroad corporation by a person who was run over by a
train of the defendant when he was attempting to rescue another person from
impending danger upon a track on which a train of the defendant was approach-
ing, if the plaintiff was in the exercise of due care in incurring the risk of injury
for the purpose of the attempted rescue, the defendant will be held liable if it
was negligent either toward the plaintiff or toward the person whom he was
attempting to rescue, because negligence toward such last named person will be
treated as directly inducing the attempt to rescue him and thereby causing the
injury to the plaintiff.

In an action against a railroad corporation by the driver of a meat wagon, who
had been sent by his employer to unload beef from a car standing on a track in
a freight yard of the defendant, it appeared that the plaintiff, seeing the driver
of another team struggling to restrain a plunging horse upon or close to a track
of the defendant on which a train was approaching, went to the assistance of
such other driver for the purpose of rescuing him from impending danger and
in doing so was run over by the train and was injured, and it was held that
there was evidence for the jury that the plaintiff was in the exercise of due care.
There was evidence, upon the question of the negligence of the defendant, that
the train which ran over the plaintiff was coming into the defendant's freight
yard past an open space about forty feet wide, which was paved and was adapted
by the defendant to be used as a driveway by teams coming to the yard to un-
load cars standing upon the tracks that bordered its sides, that this open space

was in frequent if not in constant use for this purpose, that the train which injured the plaintiff came in upon the track at one side of the driveway with an unusual noise of puffing, which was likely to frighten and did in fact frighten the horses near the track, and that the engineer and the fireman by keeping a proper lookout as they approached the driveway would have seen that a frightened horse was struggling with his driver on the track in a position which threatened grievous injury to the driver. There also was evidence that before the accident the train had come to a stop or almost to a stop before the plaintiff went upon the track to the assistance of the driver in danger, that the engine then was so near the spot that proper watchfulness exercised by the engineer or the fireman would have disclosed the situation to them at once, and that the train then started up without any notice or warning and struck the plaintiff. There also was evidence that the engineer was the only man in the cab of the engine. *Held*, that there was evidence for the jury of negligence on the part of the servants of the defendant.

TORT for personal injuries sustained on May 22, 1906, in a freight yard of the defendant in Fall River called the Watuppa freight yard, the first count alleging that while the plaintiff was in the exercise of due care the defendant by its servants and agents negligently ran a steam engine upon him, and the second count, afterwards added by amendment, alleging that while the plaintiff was in the exercise of due care the defendant by its agents and servants recklessly and wantonly and with a gross disregard of the plaintiff's safety ran a steam engine upon him. Writ dated June 3, 1907.

In the Superior Court the case was tried before *De Courcy*, J. There was evidence tending to show the following facts :

The accident happened about the middle of the afternoon on track 3. The yard is situated on the north side of Rodman Street, which runs east and west. Five delivery sheds of the defendant are built on the west side of the yard close to the west side of track No. 1. The tracks are numbered in consecutive order from the west to the east. There was a driving space between tracks 3 and 4, where customers of the defendant drove in order to take their freight out of the cars on track 3 on the west side of this driving space and out of those on track 4 on the east side of it. The plaintiff was employed by a wholesale beef dealer in Fall River, and on the day of the accident had driven into the space between track 3 and track 4, to load a meat wagon of his employer from a car on track 4. These delivery tracks of the defendant, 3 and 4, run north from Rodman Street and are substantially parallel. At the north end of the yard the

defendant's tracks converge into one track and then the line goes east by a single track to the city of New Bedford. Two of the plaintiff's fellow employees had driven into the defendant's yard shortly before the accident, each of them driving a single horse attached to a wagon. One of these wagons had been loaded and was left standing parallel with track 3 and facing toward Rodman Street. The other was backed up to the car on track 4 to be loaded, when the plaintiff drove into the yard. As he came to the car that was being unloaded on track 4, a freight train came into the yard from the south on track 3 in the manner described in the opinion, and frightened the horse that was standing near that track and parallel to it, whereupon the plaintiff cried out to the other two drivers to take care of their horses. One Coombs, the driver of the team that was loaded and was standing near track 3, attempted to control his horse when it started forward and went on to track 3, Coombs holding on to the rein near the bridle. The wagon broke on track 3 and part of the harness broke, letting the wagon down between the rails of track 3 when the engine was from sixty to seventy-five feet away, moving very slowly. The horse continued toward track 2, but turned from track 2 and came back toward track 3, Coombs still clinging to the rein. During this time the freight train was coming on track 3 and had reached a point from twenty-five to fifty feet from the team, when it stopped or seemed to stop, but immediately started up again. The plaintiff, believing that the horse would jump and trample upon Coombs and injure him while he was clinging to the rein, left his own team and went to the assistance of Coombs. At that time the train seemed to have stopped, but, while the plaintiff was attempting to save Coombs, the train came down upon him, struck the wagon that was lying on track 3, and injured the plaintiff.

Other facts are stated in the opinion.

At the close of the evidence the defendant asked the iudge for the following rulings:

1. That the plaintiff was not in the exercise of due care and could not recover.

2. That there was no evidence of negligence by the defendant's servants, and that the verdict must be for the defendant.

3. That on all the evidence the jury must find for the defendant.

The judge refused to make any of these rulings. The defendant excepted to this refusal, and also excepted to so much of the charge of the judge " as related to the rights of the plaintiff upon the track if he believed he might save the life of a person in danger and avoid injury to himself."

Among other instructions, the judge instructed the jury as follows:

" If the plaintiff proves that he sustained this injury while in the exercise of due care and by reason either of the negligence of the defendant's servants in this engine, in the event of your finding he was rightfully on the track, or was injured by the reckless and wanton conduct of the engineer and fireman, or one of them, regardless of his right on the track, then he is entitled to recover; otherwise, your verdict should be for the defendant."

The jury returned a verdict for the plaintiff in the sum of $6,500; and the defendant alleged exceptions. The judge instructed the jury to say in their verdict upon which count it was returned in case they found for the plaintiff. The jury in their verdict stated that they found for the plaintiff on the second count. It was stated in the bill of exceptions that the " counsel agreed that a finding on the second count for the plaintiff included a finding for the plaintiff on the first count and the court so stated to the jury."

*F. S. Hall,* (*T. J. Feeney* with him,) for the defendant.

*J. W. Cummings,* (*C. R. Cummings* with him,) for the plaintiff.

SHELDON, J.   The jury could find on the evidence that Coombs was in a position of imminent peril, struggling to restrain a plunging horse upon or close to a track of the defendant upon which a train was approaching, and that the plaintiff came to his assistance for the purpose of rescuing him from the peril. The contention of the defendant that Coombs was endeavoring merely to save his master's property and that the plaintiff went upon the track for the sole purpose of assisting Coombs in this effort was for the jury to determine. It was not necessarily and as matter of law a trespass or a negligent act for the plaintiff to attempt to rescue Coombs from the impending danger,

even at the risk of his own life. It was for the jury to say whether under the existing circumstances the plaintiff's act was so rash and reckless as to preclude a finding that he was in the exercise of due care and was justified in going upon the track. This is the doctrine of *Linnehan* v. *Sampson*, 126 Mass. 506. And there is a great body of authority in other courts for the proposition that it may not be negligence for one not acting rashly or recklessly to expose himself voluntarily to great danger, even to the risk of life and limb, in order to rescue another from a like peril, and that such a voluntary exposure is not to be regarded as rash or reckless if there appears to be a fair chance of success, whether the person in danger is or is not a child or an aged or decrepit person, and even though the person attempting the rescue knows that it involves great hazard to himself without a certainty of accomplishing the intended rescue. The leading case is *Eckert* v. *Long Island Railroad*, 43 N. Y. 502, and 57 Barb. 555, the doctrine of which has been generally followed. *Pittsburg, Cincinnati, Chicago & St. Louis Railway* v. *Lynch*, 69 Ohio St. 123. *Pennsylvania Co.* v. *Langendorf*, 48 Ohio St. 316. *Becker* v. *Louisville & Nashville Railroad*, 110 Ky. 474. *Gibney* v. *State*, 137 N. Y. 1. *Manzella* v. *Rochester Railway*, 93 N. Y. Supp. 457. *Corbin* v. *Philadelphia*, 195 Penn. St. 461. *West Chicago Street Railroad* v. *Liderman*, 187 Ill. 463. *Donahoe* v. *Wabash, St. Louis & Pacific Railway*, 83 Mo. 560. *Mobile & Ohio Railroad* v. *Ridley*, 114 Tenn. 727. *Louisville & Nashville Railroad* v. *Orr*, 121 Ala. 489. *Peyton* v. *Texas & Pacific Railway*, 41 La. Ann. 861. *Condiff* v. *Kansas City, Fort Scott & Gulf Railroad*, 45 Kans. 256. Other cases are collected in 29 Cyc. 523, 524; 7 Am. & Eng. Encyc. of Law, (2d ed.) 394, 395; and in the note to *Mobile & Ohio Railroad* v. *Ridley*, 4 Ann. Cas. 925, 928.

It follows that the defendant's first request for instructions was properly denied. It is true, as was held in *Linnehan* v. *Sampson*, 126 Mass. 506, and in many of the other cases above cited, that it is for the jury to say, upon all the circumstances, including the existing emergency and the need of immediate action under which they may find that the plaintiff acted, whether in fact his conduct was that of a reasonably prudent man; and it may be that the judge in his charge did not go far

enough in requiring the jury, upon this issue, only to find whether the plaintiff " saw, and as a reasonable man believed that Coombs was in imminent danger of his life," and " believed that he could rescue Coombs . . . and at the same time avoid danger himself." But it is not clear that this question was intended to be saved; it has not been argued by the defendant; and we need not consider it.

But it is necessary in this case, as in all similar actions, that negligence on the part of the defendant or its servants should be shown, even though the plaintiff was himself free from all blame.   *Hirschman* v. *Dry Dock Railroad*, 46 App. Div. (N. Y.) 621.   *De Mahy* v. *Morgan's Louisiana Co.* 45 La. Ann. 1329. *Spooner* v. *Delaware, Lackawanna & Western Railroad*, 115 N. Y. 22.   *Evansville & Crawfordsville Railroad* v. *Hiatt*, 17 Ind. 102. *Thomason* v. *Southern Railway*, 113 Fed. Rep. 80.   In such a case as this, however, it is enough to hold the defendant if there was negligence on its part toward either Coombs or the plaintiff. *Maryland Steel Co.* v. *Marney*, 88 Md. 482.   *Saylor* v. *Parsons*, 122 Iowa, 679.   *Donahoe* v. *Wabash, St. Louis & Pacific Railway*, 83 Mo. 560.   Its negligence towards Coombs will be treated as directly inducing the attempt to rescue him and thereby causing the injury to the plaintiff.   Such negligence could be found if the defendant was running its train in a manner likely to cause injury to any one properly in that vicinity. That was the only negligence that was shown in many of the cases already referred to.   In our opinion there was such evidence here.   This train was coming into the defendant's freight yard past an open space about forty feet wide, arranged, paved and adapted by the defendant for use as a driveway by teams coming to the yard to unload cars standing upon the tracks that bordered its sides.   Coombs and the plaintiff, like all other teamsters having occasion to come to this yard to receive freight for their employers, were invited by the defendant to come to this space with their horses and wagons, and there take their goods from the cars which the defendant thus treated as its temporary freight houses.   *Ladd* v. *New York, New Haven, & Hartford Railroad*, 193 Mass. 359.   Apparently the open space was in almost constant, certainly in frequent, use for this purpose.   It was the duty of the defendant's servants in charge of

trains coming upon adjacent tracks to run them with this fact in mind, so as to avoid the risk of accidents. But there was evidence that this train came in upon track number three, with more than usual noise of puffing through the smoke stack, much louder, both Coombs and the plaintiff testified, than they had heard before in that vicinity, in a manner which was likely to frighten and did actually frighten the horses. The jury could find also that the engineer and the fireman ought, by keeping a proper lookout as they approached this driveway, to have seen that a frightened horse had broken away from its wagon and was struggling with Coombs upon the track, in a position which threatened grievous injury to him. If so, it could be found that they were negligent in failing to see this, or if they saw it, in not stopping their engine in season to avoid the accident. Besides this, there was evidence that the train had come either to a full stop or almost to a stop before the plaintiff went across the track to the assistance of Coombs, at so small a distance that proper watchfulness by the engineer or the fireman would at once have disclosed the situation to them, and that it then had started up without any notice or warning and struck the plaintiff. There was evidence also that only one man, the engineer, was in the cab of the engine. Under these circumstances we are of opinion that the defendant's second and third requests were rightly refused. And we do not find that any request was made or that any exception was saved by the defendant which raises the question what duty, if any, it owed to the plaintiff if, although he had gone upon its track for the purpose of rescuing Coombs from deadly peril and so was not a mere trespasser or necessarily negligent, yet his presence there was, without fault on their part, unknown to its servants who were in charge of the train. This is of course a different question from that of his right to go or to be upon the track at all; and the latter point is all that seems to have been saved or that has been argued by the defendant's counsel as to this part of the case.

It has been earnestly contended that there was no evidence that the plaintiff's injury was due to any reckless or wanton conduct of the defendant's servants. But the parties had agreed that a verdict on the second count for the plaintiff included a

like verdict on the first count. There was no hardship to the defendant in this agreement, because the judge, evidently with the consent of the plaintiff, ruled that he could not recover upon the second count without proof of his own care. Of course this ruling could not have been given unqualifiedly without the plaintiff's consent. *Banks* v. *Braman,* 188 Mass. 367, and 192 Mass. 162, note. *Aiken* v. *Holyoke Street Railway,* 180 Mass. 8, and 184 Mass. 269. *Yancey* v. *Boston Elevated Railway,* 205 Mass. 162, 169. It follows that the plaintiff is at least entitled to a judgment upon the first count, and we need not consider whether there was evidence to sustain the finding that the injury to him was done recklessly, wantonly and with gross disregard of his safety.

*Exceptions overruled.*