NELLIE C. GIBNEY, as Administratrix, etc., Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Upon a claim presented to the Board of Claims for damages for the death of the claimant. husband, the following facts appeared: Plaintiff, with her husband and infant son, were crossing a bridge over the Erie canal; the son fell through an opening in the railing of the bridge which was left unguarded, into the canal; the father plunged into the canal to rescue him and both were drowned. An award was made in favor of the claimant. *Held,* no error; that while the immediate cause of the peril to which the father, naturally and instinctively, exposed himself was the peril of the child, the cause of the peril in both cases might be attributed to the culpable negligence of the state, in leaving the bridge in a dangerous condition.

(Argued December 19, 1892; decided January 17, 1893.)

APPEAL from judgment in favor of the claimant entered upon an award made by the Board of Claims April 13, 1892.

The nature of the claim and the facts, so far as material, are stated in the opinion.

*S. W. Rosendale, Attorney-General,* for appellant. The liability of the state to be determined in this claim must be based upon the same rules and principles as though this were an action against an individual or a corporation. (Laws of 1870,

chap. 321, § 1; Laws of 1883, chap. 205, § 13; *Sipple* v. *State,* 99 N. Y. 284; *Bowen* v. *State,* 108 id. 166; *Splittorf* v. *State,* Id. 213.) The claimant failed to prove negligence on the part of the state. (*Dugan* v. *C. T. Co.,* 56 N. Y. 1; *Hart* v. *H. R. B. Co.,* 84 id. 62; *Loftus* v. *U. F. Co.,* Id. 455; *Hubbell* v. *City of Yonkers,* 104 id. 434; *Taylor* v. *City of Yonkers,* 105 id. 209; *Laflin* v. *B. & S. R. R. Co.,* 106 id. 139; *Hunt* v. *Mayor, etc.,* 109 id. 134; *Glasier* v. *Hebron,* 131 id. 452; *Egan* v. *B. A. Assn.,* 16 Daly, 218.) The claimant failed to prove that her intestate was free from negligence causing or contributing to his death. (*Johnson* v. *H. R. R. R. Co.,* 20 N. Y. 73; *Wilds* v. *H. R. R. R. Co.,* 24 id. 430; *Warner* v. *N. Y. C. R. R. Co.,* 44 id. 465; *Davis* v. *N. Y. C. R. R. Co.,* 47 id. 400; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 248; *McDonald* v. *L. I. R. R. Co.,* 116 id. 546; *Dobbins* v. *Brown,* 119 id. 188; *Steves* v. *S. R. R. Co.,* 18 id. 425; *Honegsberger* v. *S. Ave. R. R. Co.,* 1 Keyes, 570; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 id. 330; *Hoag* v. *N. Y. C. & H. R. R. R. Co.,* 111 id. 199; *Bond* v. *Smith,* 113 id. 378; *Wiwirowski* v. *L. S. & M. S. R. Co.,* 124 id. 425; *Hale* v. *Smith,* 78 id. 483; *Powell* v. *Powell,* 71 id. 73; *Taylor* v. *City of Yonkers,* 105 id. 209; *Willetts* v. *B. & A. R. R. Co.,* 14 Barb. 585; *Mangam* v. *B. R. R. Co.,* 38 N. Y. 455; Whart. on Negligence, § 311; *Doran* v. *City of Troy,* 104 N. Y. 684; *McGarry* v. *Loomis,* 63 id. 106; *Wendall* v. *R. R. Co.,* 91 id. 426.) The law imposes upon parents and guardians the duty of using reasonable care to protect those incapable of protecting themselves, and if they fail to exercise such a care and the infant is thereby brought into danger and the result is injury from the negligent act of another, the negligence of parents or guardians is deemed the negligence of the infant. (*Williams* v. *Guardineer,* 58 Hun, 511; *Honegsberger* v. *S. A. R. R. Co.,* 1 Keyes, 570; *Thurber* v. *H. R. R. Co.,* 60 N. Y. 333; *Wendall* v. *N. Y. C. & H. R. R. R. Co.,* 91 id. 426; *Powers* v. *Harlan,* 53 Mich. 507; *Hally* v. *B. G. L. Co.,* 8 Gray, 123; *Madden* v. *M. & M. R. Co.,* 4 Allen, 283; *Callahan*

v. *Bean*, 9 id. 401.) The cause of the death of the child was not the proximate cause of the death of John F. Gibney. (*M. R. Co.* v. *Kellogg*, 94 U. S. 469 ; *Hoag* v. *L. S. R. R. Co.*, 85 Penn. St. 293 ; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210 ; *P. R. R. Co.* v. *Kerr*, 62 Penn. St. 353 ; *Read* v. *Nichols*, 118 N. Y. 224.)

*Edwin C. Angle* for respondent. The notice of appeal raises no question for review by this court. (*Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419 ; *Feeney* v. *L. I. R. R. Co.*, 116 id. 375 ; *Mussoth* v. *D. & H. C. Co.*, 64 id. 524; Laws of 1883, chap. 205, § 10 ; *Bowen* v. *State*, 108 N. Y. 166 ; *McDonald* v. *State*, 127 id. 18 ; Code Civ. Pro. §§ 1337, 1338 ; *Flack* v. *Vil. of Green Island*, 122 N. Y. 107 ; *People ex rel.* v. *French*, 123 id. 636 ; *Holcome* v. *Town of Champion*, 36 N. Y. S. R. 759.) The facts proved made out a case against the state, the same as if such action were against an individual or a corporation. (Code Civ. Pro. § 1902 ; *Sipple* v. *State*, 99 N. Y. 284 ; *Beck* v. *Carter*, 68 id. 283 ; *Nims* v. *Mayor, etc.*, 59 N. Y. 500 ; S. & R. on Neg. §§ 147, 148.) The third and fourth findings of the Board of Claims that the state was negligent in leaving a dangerous hole or opening in the footway of the bridge unguarded and unprotected and that such negligence was the direct cause of the accident is abundantly sustained by the evidence. (*Nolan* v. *King*, 97 N. Y. 565 ; *Bowen* v. *State*, 108 id. 166 ; *Ahern* v. *Steele*, 48 Hun, 517 ; *Woodman* v. *State*, 127 N. Y. 397 ; *Bridge Co.* v. *Williams*, 5 Dana, 403 ; S. & R. on Neg. § 251 ; *Orcutt* v. *K. B. Co.*, 53 Maine, 500 ; *State* v. *Z., etc., Co.*, 16 Ohio St. 308 ; *Bidwell* v. *Town of Murray*, 40 Hun, 192 ; *Bostwick* v. *Barlow*, 14 id. 177 ; *Todd* v. *City of Troy*, 61 N. Y. 506 ; *McCarthy* v. *City of Syracuse*, 46 id. 194 ; *O'Reilly* v. *Vil. of Sing Sing*, 15 N. Y. S. R. 905 ; *Bond* v. *Smith*, 44 Hun, 219 ; *Lyons* v. *Rosenthal*, 11 id. 48 ; *Kearney* v. *L. R. R. Co.*, L. R. [5 Q. B.] 411 ; *Mullenx* v. *St. John*, 57 N. Y. 567 ; *Edgerton* v. *N. Y. C. & H. R. R. R. Co.*, 39 id. 227 ; *Hune* v. *Mayor, etc.*, 74 id. 264 ; *Smith* v. *B. & N. Co.*, 86 id. 408 ;

*Wooster* v. *42d St. R. R. Co.*, 50 id. 203.) Claimant's intestate was not guilty of contributory negligence in jumping into the canal to rescue his son. It is only where contributory negligence is conclusively established by evidence, which leaves nothing either of inference or of fact in doubt, that the court can rule, as a matter of law, that such negligence exists. (*Gill* v. *City of Rochester, etc., R. R. Co.*, 37 Hun, 107; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65; *Newson* v. *N. Y. C. R. R. Co.*, 29 id. 383; *Philips* v. *N. C. R. R. Co.*, 127 id. 657; *Galvin* v. *Mayor, etc.*, 112 id. 223.) The amount of damages awarded is not excessive. (*Drew* v. *6th Ave. R. R. Co.*, 26 N. Y. 49; *McGovern* v. *N. Y. C. R. R. Co.*, 67 id. 418; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518; *State* v. *Burgess*, 47 id. 521; *Boles* v. *R., W. & O. R. R. Co.*, 46 Hun, 324; *Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 219; *Walters* v. *C. & C. R. R. Co.*, 41 Iowa, 71; *Terry* v. *Jewett*, 78 N. Y. 338; *Johnson* v. *N. Y. C. R. R. Co.*, 20 id. 65; *Mangan* v. *B. R. R. Co.*, 38 id. 455; *Newson* v. *N. Y. C. R. R. Co.*, 28 id. 383; *Stalbing* v. *Marshall*, 2 Civ. Pro. Rep. 78; *P. R. R. Co.* v. *Bauten*, 54 Penn. 495; *Murphy* v. *N. Y. C. R. R. Co.*, 88 N. Y. 445; *Morrell* v. *Peck*, Id. 398; *Thomas* v. *U., etc., R. R. Co.*, 34 Hun, 626; *Lockwood* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 523; *Pineo* v. *N. Y. C. R. R. Co.*, 34 id. 80; 99 id. 644; *Carpenter* v. *B., etc., R. R. Co.*, 38 Hun, 116; *Birkett* v. *K. I. Co.*, 41 id. 404; *James* v. *N. Y. C. R. R. Co.*, 28 id. 364.)

ANDREWS, Ch. J. We have decided on the appeal brought from the award of damages for the death of the infant son of the plaintiff, that the evidence authorized a finding of negligence on the part of the state authorities in permitting the opening in the bridge, through which the boy fell into the canal, to remain unguarded, and also the further finding that there was no contributory negligence on the part of the parents of the child, and we therefore affirmed the award. The present appeal is from an award made for damages sustained by the widow and next of kin, arising from the drowning of the

plaintiff's husband and the father of the child, in an attempt to rescue the child from the canal, into which the child had fallen.

The material facts are undisputed. The plaintiff with her husband and child, in an evening in August, while crossing the bridge met an aquaintance and the parents stopped to talk with him. The child remained within a few feet of them and suddenly fell through the opening in the railing of the bridge into the canal below. The father, as soon as he discovered that the boy was gone, plunged into the canal to recover the child and both father and son were drowned.

It is contended by the attorney-general that the negligence of the state in permitting the bridge to remain in an unsafe condition, while it may have been the cause of the death of the boy, cannot be regarded as the cause of the death of the father, although it occurred in an attempt to save the life of the child. It is doubtless true that except for the peril of the child, occasioned by his falling through the bridge into the canal, there would have been no connection between the negligence of the state and the drowning of the father. But the peril to which the child was exposed was, as has been found, the result of the negligence of the state, and the peril to which the father exposed himself was the natural consequence of the situation. It would have been in contradiction of the most common facts in human experience if the father had not plunged into the canal to save his child. But while the immediate cause of the peril to which the father exposed himself was the peril of the child, for the purpose of administering legal remedies, the cause of the peril in both cases may be attributed to the culpable negligence of the state in leaving the bridge in a dangerous condition. There is great difficulty in many cases in fixing the responsible cause of an injury. When there is a break in the chain of causes by the intervention of a new agency, and then an injury happens, is it to be attributed to the new element, and is this to be treated as the originating cause to the exclusion of the antecedent one, without which no occasion would have arisen for the intro-

duction of a new element? It is impossible to formulate a rule on the subject capable of definite and easy application.

The general rule is that only the natural and proximate results of a wrong are those of which the law can take notice. But where a consequence is to be deemed proximate within the rule is the point of difficulty. In this case these elements are present; culpable negligence on the part of the state; the falling of the child into the canal through the opening which the state negligently left in the bridge; the natural and instinctive act of the father in plunging into the canal to rescue the child; the drowning of both; the fact that such an accident as that which befell the child might reasonably have been anticipated as the result of the condition of the bridge, and the further consideration that a parent or other person seeing the child in the water would incur every reasonable hazard for its rescue. We think it may be justly said that the death both of the child and parent was the consequence of the negligence of the state, and that the unsafe bridge was in a legal and juridical sense the cause of the drowning of both.

We can perceive no sound distinction between this case and the *Eckert* case (43 N. Y. 502). In that case the railroad train was being propelled at a dangerous speed. The negligence was active. In this case it consisted of an omission, that is, in the failure to originally construct the bridge properly, or permitting it to become dangerous. We do not perceive how the difference in the circumstances of the negligence affects the question of proximateness between the cause and the result so as to distinguish in this respect the two cases.

The *Balloon* case (19 Jo. 381) and the case of *Thomas* v. *Winchester* (2 Seld. 397) give support to our conclusion.

The judgment should be affirmed.

All concur, except MAYNARD, J., not sitting.

Judgment affirmed.