Merrimack,
May 3, 1904.

PITTSFIELD COTTONWEAR MFG. CO. v. PITTSFIELD SHOE CO.

One guilty of an omission of duty naturally calculated to produce injury cannot escape responsibility therefor on the ground that the damage proximately resulted from the intervening negligence of a third person, if the latter circumstance ought reasonably to have been apprehended by the party sought to be charged.

CASE, for negligence.  Trial by jury and verdict for the plaintiffs.  Transferred from the April term, 1903, of the superior court by *Peaslee*, J.  The action is the same as that reported in 71 N. H. 522.  The defendants' motions for a nonsuit, that a verdict be directed in their favor, and that the verdict be set aside were denied, subject to exception.

The evidence tended to prove the material allegations of the declaration heretofore reported and in addition the following facts : The freezing occurred in the night or early morning of January 20, 1901, which was Sunday.  The defendants got on steam again in the forenoon of that day, when an officer of the Drake & Sanborn Company came into the shop.  He saw indications that the temperature there had been below freezing, but that it was then rising.  The flooding did not occur until later in the day, when the ice which caused the bursting of the sprinkler pipe had thawed sufficiently to release the water.  Shutting off the water from the sprinkler system would have prevented the damage.  In the winter of 1900, a sprinkler pipe in the attic had frozen and burst.  The attic was unfinished.  The pipe which burst was located in the elevator shaft, and was so exposed that without some degree of artificial heat the water in it would freeze in very cold weather and cause it to burst.  The valves to let direct steam into the attic were not open on the night in question ; but it was claimed that sufficient heat would rise from the lower floors, when they were properly heated, to prevent the pipes in the attic from freezing.

*Sargent, Remick & Niles*, for the plaintiffs.

*Albin & Shurtleff*, for the defendants.

WALKER, J.  As no exception was taken to the charge of the court, the verdict must be taken as a finding of all essential facts, properly inferable from the evidence, adversely to the defendant.  The defendant claims that if the Drake & Sanborn Company was

negligent in not preventing the incursion of water from the sprinkler pipe into the mill, to the damage of the plaintiff, the defendant, although guilty of previous negligence naturally calculated to produce the injury complained of, is not liable therefor. This may be conceded to be a correct proposition of law (see former opinion in this case, 71 N. H. 522, 529, 535); but upon this theory, the jury must have found that the Drake & Sanborn Company was guilty of no breach of duty to the plaintiff—that under the circumstances it exercised ordinary care to keep the water securely confined in the sprinkler pipe. Nor can it be held that the jury were not warranted in that conclusion. Whether the Drake & Sanborn Company, through its representative, by the exercise of ordinary care would have ascertained the extent of the defendant's negligence and the harm it might reasonably be expected to produce, was a question upon which ordinarily prudent men might differ, and was, therefore, properly submitted to the jury.

But the further position is urged, that as it was the duty of the Drake & Sanborn Company to guard the premises against damage from water, and as it had an opportunity to perform that duty, its omission in this respect was an intervening cause which broke the causal connection between the defendant's negligence and the injury suffered, and that in this view actual negligence on the part of the intervening third party is immaterial. But if the defendant was chargeable with knowledge that the Drake & Sanborn Company, induced by the defendant's assumption of the work of keeping the temperature of the mill at a reasonable degree, would not during the night or on the following morning make a careful inspection of the pipes to ascertain whether they contained ice, or would not keep a watchman there to protect the plaintiff's property from injury from escaping water, or would not in some way arrest the natural result of its precedent but undisclosed negligence, it cannot escape responsibility on the ground that its omission of duty was not in law the proximate cause of the injury. It is liable for such damages as were reasonably to be apprehended from its neglect of duty and which were caused thereby through instumentalities and conditions which it ought to have known would concur in producing the harm. The jury may have found that the failure of the Drake & Sanborn Company to prevent the escape of the water was a condition or circumstance which the defendant ought reasonably to have foreseen, as a natural result of its connection with the business of furnishing heat; and it is obvious the evidence warranted that conclusion. Assuming that to be a fact, the principle that an intervening cause will sometimes free a defendant from liability for his negligence has no applica-

tion; for the intervening cause or condition was one which the defendant was bound to know would naturally exist and would concur with, or promote, the natural results of its own negligent act. "In actions of this description, the defendant is liable for the natural and probable consequences of his negligent act or omission. The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended. The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise." *Lane* v: *Atlantic Works*, 111 Mass. 136, 139, 140.

If the defendant "could have anticipated that the intervening act of negligence might, in a natural and ordinary sequence, follow the original act of negligence, the person first in fault is not released from liability by reason of the intervening negligence of another." 1 Shearm. & Red. Neg., *s.* 34. See, also, Whart. Neg., *s.* 145; 2 Thomp. Neg. 1089, *s.* 6; *Gregg* v. *Company*, 69 N. H. 247; *Glynn* v. *Railroad*, 175 Mass. 510; *Boston Woven Hose Co.* v. *Kendall*, 178 Mass. 232; *Mahogany* v. *Ward*, 16 R. I. 479, 483; *Gibney* v. *State*, 137 N. Y. 1, 5, 6; *Griggs* v. *Fleckinstein*, 14 Minn. 81; *Illidge* v. *Goodwin*, 5 C. & P. 190; *Burrows* v. *Coke Co.*, L. R. 7 Exch. 96; *Clark* v. *Chambers*, L. R. 3 Q. B. Div. 327, 336. Upon this theory, the negligence of the defendant was the natural, reasonable, and, therefore, proximate cause of the damage to the plaintiff; and the motions for a nonsuit and a verdict were properly denied. *Ela* v. *Cable Co.*, 71 N. H. 1.

*Exceptions overruled.*

All concurred.