WICHITA FALLS TRACTION CO. v. HIBBS et al. (No. 1527.)

(Court of Civil Appeals of Texas. Amarillo. April 16, 1919.)

1. NEGLIGENCE &62(1)—PROXIMATE CAUSE —INTERVENING CAUSES.

Where child's clothing caught fire from a charcoal stove negligently left in the street and the mother burnt her hands in extinguishing the fire, negligence in leaving the stove was the proximate and efficient cause of the mother's injuries.

2. NEGLIGENCE &74—CONTRIBUTORY NEGLIGENCE.

One who without warning found her child's life in imminent danger, her clothes being afire by reason of the negligence of a third person, was not guilty of contributory negligence in putting out the fire with her hands.

Error from District Court, Wichita County; W. B. Chauncey, Special Judge.

Suit by Ralph Hibbs and another against the Wichita Falls Traction Company. From a judgment in favor of plaintiffs, the defendant brings error. Affirmed.

Martin, Bullington, Boone & Humphrey, of Wichita Falls, for plaintiff in error.

Weeks, Morrow, Weeks & Francis, of Wichita Falls, for defendants in error.

HALL, J. The following statement of the nature and result of the suit, concurred in by defendants in error, is adopted from the brief of plaintiff in error: This was a suit instituted in the district court of Wichita county, by Ralph Hibbs and Mrs. Alta Hibbs, his wife, as plaintiffs, against the Wichita Falls Traction Company, defendant. The material allegations in plaintiff's petition are as follows: That the defendant street car line ran near to or in front of the plaintiff's house, and the conductor, an employé of the defendant, placed in or near the yard of plaintiff's residence a charcoal stove, in which there was burning charcoal; that Lucile Richmond, a girl five years of age, living with plaintiff, became attracted to said stove, and while playing around the same her clothing caught fire and became aflame; that the child ran into the kitchen where the plaintiff Mrs. Alta Hibbs was working; that Mrs. Alta Hibbs, in extinguishing the fire, had her hands burned and was thereby permanently and severely injured. The defendant answered by exceptions that the damages claimed were too remote, by general denial, and by special plea alleging that the act of the defendant's agent in leaving said stove in the street near the plaintiff's residence was not without the scope of his authority, and that the injury was the result of the plaintiff's own negligence in attempting to extinguish the fire in the way and manner in which it was done. The exceptions were overruled, and the case submitted to a jury upon special issues. A trial resulted in a judgment against defendant in the sum of $150.

It was shown that a motorman or conductor on one of appellant's cars, while operating a car in Wichita Falls, removed from his car a charcoal stove used for heating purposes because it was smoking, and placed the stove in the street in front of plaintiff's home and near the car track; that, while the child in company with other children was playing around this stove, her clothing caught fire, and she ran into the kitchen of the Hibbs residence, where her mother was at work, and in attempting to extinguish the flames Mrs. Hibbs received the burns and injuries complained of. The facts are practically undisputed. The charge of the court correctly defines "negligence," "ordinary care," "proximate cause," and "contributory negligence." In answer to special issues, the jury found that the act of the conductor in unloading the stove where he did was negligence; that the child's clothing caught fire while she was playing with the stove, and Mrs. Hibbs was injured in her efforts to extinguish the flames; that the injuries were the direct and proximate result of the conductor's negligence; that Mrs. Hibbs was not guilty of contributory negligence either in her efforts to extinguish the flames or in permitting the child to go near to and handle the stove. The jury further found that the conductor's act in placing the stove near the premises of the defendant was one within the course of his employment, and that he could have reasonable anticipated the injury complained of; that the child was not of sufficient age or discretion to know and appreciate the dangers incident to handling and carrying such a stove.

[1, 2] The case is presented here upon one assignment of error, as follows:

"The court erred in refusing to instruct the jury to return a verdict in favor of the defendant as requested by the defendant, for the reason that the undisputed evidence shows that the alleged acts of negligence on the part of the defendant herein were not the direct and proximate cause of the plaintiff's injury, but that the damage claimed for her alleged injuries were too remote."

The proposition urged is:

"In order for damages to be recoverable for a negligent act, such act must be the direct and proximate cause of the injury complained of, and, where a new or independent agency, which could not have been reasonably foreseen, intervenes and causes the injury, the alleged wrongdoer is not liable."

Mrs. Hibbs testified, in part:

"When she (Lucile) came into the house, I used my hands for the purpose of putting the fire out. As near as I can illustrate, I just used my hands to try to rub the fire out. I would just take up her dress and rub it and try to put the fire out."

The finding of the jury that the act of the conductor in leaving the charcoal stove burning in front of appellee's home constituted negligence is amply supported by the evidence. That the child was too young to appreciate the danger, and was irresponsible, is not questioned. This being a fact, there was no intervening efficient or responsible cause to break the causal connection between the negligence of appellant's employé and the injury. While the injury may not be the usual, necessary, or inevitable result of the negligence, we think it is the natural and probable consequence thereof, and is one which an ordinarily prudent person ought reasonably to have anticipated as the result of his negligence. Under the facts, there is no issue of contributory negligence on the part of the mother in the case. Without warning, she finds her child's life in imminent danger, and the acts which appellant claims constitute contributory negligence are her efforts to save her daughter's life. "The law" has so high a "regard for human life it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of a prudent person." T. & N. O. Ry. Co. v. Scarborough, 104 S. W. 408; Gulf, etc., Ry. Co. v. Brooks, 63 Tex. Civ. App. 231, 132 S. W. 95; I. & G. N. Ry. Co. v. McVey, 81 S. W. 991; Missouri, etc., Ry. Co. v. Goss, 31 Tex. Civ. App. 300, 72 S. W. 94. A stranger seeing the peril of the child could not, under these authorities, have been accused of rashness or reckless conduct acting in the emergency as did Mrs. Hibbs. How much less can

a woman, impelled by a mother's love, one of the things which "passeth all understanding," and makes heroines of the faint-hearted, be subject to such a charge by one whose negligence forced the issue? As said in Gibney v. State, 137 N. Y. 5, 33 N. E. 142, 19 L. R. A. 367, 33 Am. St. Rep. 691:

"But the peril to which the child was exposed was, as has been found, the result of the negligence of the state, and the peril to which the father exposed himself was the natural consequence of the situation. It would have been in contradiction of the most common facts in human experience if the father had not plunged into the canal to save his child."

The judgment is affirmed.

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes