STATE OF MARYLAND, to the Use of Alice
Wethered Dove et al.,

*vs.*

THE MAYOR AND CITY COUNCIL OF BALTIMORE
and THE CONSOLIDATED GAS ELECTRIC
LIGHT AND POWER COMPANY.

*Electric Wire—Contributory Negligence—Attempt to Save
Others.*

One who was killed while pushing a live electric wire, which
had fallen, away from some children who were playing in close
proximity thereto, in the endeavor to protect the children from
danger, *held* not to have been guilty of negligence preventing
recovery for his death, he having evidently acted with the
intention of protecting the children, the lateness of the hour
rendering it difficult to examine the wire, and a sparkling and
sputtering, which served to show defective insulation, being
about twelve feet from where he touched it.

*Decided June 22nd, 1922.*

Appeal from the Superior Court of Baltimore City
(Stanton, J.)

Action by the State of Maryland, to the use of Alice
Wethered Dove and others, against the Chesapeake and Poto-
mac Telephone Company, the Mayor and City Council of
Baltimore, and the Consolidated Gas Electric Light and
Power Company. The suit was dismissed as to the telephone
company, and a judgment rendered for the other defendants,
from which judgment plaintiff appeals. Reversed.

The cause was argued before Boyd, C. J., Briscoe.
Thomas, Stockbridge, Adkins, and Offutt, JJ.

*G. Tyler Smith* and *R. E. Kanode,* for the appellant.

*E. M. Sturlevant,* for the appellee, the Consolidated Gas Electric Light and Power Company.

ADKINS, J., delivered the opinion of the Court.

This suit was brought in the name of the State of Maryland to the use of the widow and children of Edwin H. Dove, against the Chesapeake and Potomac Telephone Company of Baltimore City, the Mayor and City Council of Baltimore and the Consolidated Gas Electric Light and Power Company, under Lord Campbell's Act, for damages to the equitable plaintiffs arising out of the death of the husband and father, caused, as they allege, by the negligence of the defendants in permitting a live electric wire "to be and remain suspended in a dangerous condition exposed to contact with pedestrians" upon one of the highways of Baltimore City, to wit: Pratt Street, near the northeast corner of Pratt and Schroeder Streets, with which the plaintiffs' decedent came in contact.

The suit was dismissed as to the Chesapeake and Potomac Telephone Company, and at the conclusion of plaintiffs' testimony the case was withdrawn from the jury as to both of the remaining defendants on demurrers to the evidence, the court instructing the jury, at the city's request, that there was no evidence under the pleadings legally sufficient to entitle plaintiffs to recover against the Mayor and City Council of Baltimore; and, at the request of the Consolidated Gas Electric Light and Power Company, that negligence on the part of the deceased directly caused the injury complained of, and the verdict must therefore be for said company.

Plaintiffs conceded the prayer offered in behalf of the city, but excepted to the granting of the prayer in behalf of the appellee, and from that ruling this appeal was taken.

No other exceptions were reserved, so the record presents but a single question, viz: Was the conduct of the deceased of such a reckless character that the Court must declare him

to have been guilty of contributory negligence as a matter of law? Or were the circumstances such as to leave room for a difference of opinion among reasonable men as to whether he was justified in taking the risk he took?

No citation of authority is needed to support the proposition, recognized by decisions everywhere, that where the acts relied upon to constitute contributory negligence are such that reasonable minds may differ as to their quality, the question should be submitted to the jury.

On a Sunday afternoon Edwin H. Dove, while taking a walk with a friend, noticed that an electric wire of appellee had fallen from a pole line on Pratt Street near Schroeder Street. The wire had fallen in the form of a loop and extended for some distance in and over the gutter, with the ends caught and entangled with the other overhanging wires, or in the branches of trees. The insulation was off of part of the wire, and at one point, where it rested in the gutter, it was sparkling and sputtering. A number of children were playing on the sidewalk in close proximity to the wire and were poking at it with sticks. At the time Dove undertook to push or throw the wire into the street the sparkling seems to have ceased. Dove said, according to one of the witnesses, "them children might be in the way, you see it is not loaded, but if that wire comes down, tangles up and falls on them it might hurt them." The point where the wire had been sparkling was "about 10 feet or about 12 feet" from where Dove shoved the wire off. "There were children right around the point where the wire was spluttering." Dove waved them back and undertook to push the wire away from them into the street, and was instantly electrocuted.

Whatever may be thought about the danger involved in this act, it cannot be said that one could know in advance that it would result in the death of the man attempting it. Certainly he did not anticipate that result, as there is nothing to indicate that he contemplated suicide.

It did not follow, necessarily, that because the insulation was defective at the point where the sparkling had been observed, the wire was unprotected at the point where Dove stood, ten or twelve feet away. It was about five o'clock in the evening and growing dark. So that while some of the witnesses noticed bad insulation in places one might easily have failed to observe it. Of course, under ordinary circumstances, and with time for consideration, prudence would have dictated a careful examination of the wire before attempting to handle it with naked hands. But the conditions existing there appeared to Dove to require immediate action. He evidently was moved to do as he did by what he regarded as the necessity of the occasion, if the children were to be protected against a grave and impending danger to their lives.

We think the question of contributory negligence should have been submitted to the jury, on the authority of the cases of *Maryland Steel Co.* v. *Marney,* 88 Md. 482, and *American Express Co.* v. *Terry,* 126 Md. 254.

In the *Marney Case, supra,* JUDGE PEARCE cites with approval *Pierce on Railroads,* 328, where it is said: "The fact that the injured person did some act by which he incurred or increased danger, does not necessarily involve negligence which will prevent recovery, *where the danger was created by some wrongful act of the company.* The question is for the jury whether he acted from wrongheadedness, or as a prudent man would have done under the circumstances." Also from *Beach on Contributory Negligence,* sec. 42: "When one risks his life, or places himself in a position of great danger in an effort to save the life of another, or to protect another who is exposed to a sudden peril, or in danger of great bodily harm, such exposure and risk for such purpose is not negligence." Also the following cases: *Eckert* v. *L. I. R. Co.,* 43 N. Y. 502; *Pa. Co.* v. *Langenderf,* 48 Ohio St. 316; *Gibney* v. *The State,* 137 N. Y. 1; *Linnehan* v. *Sampson,* 126 Mass. 506; *Pa. Co.* v. *Roney,* 89 Ind. 453; *Donahoe* v. *R. R. Co.,* 83 Mo. 563; *Condiff* v. *R. R. Co.,* 45 Kan. 269; *Cottrill* v.

*R. R. Co.,* 47 Wis. 634; *Peyton* v. *Ry. Co.,* 41 La. Ann. 862. See also a more recent case: *Wagner* v. *International Ry. Co.,* 232 N. Y. 176.

In *American Express Co.* v. *Terry, supra,* JUDGE BURKE, in delivering the opinion of this Court, gave the rule in such cases and the reason on which it is based, quoting with approval from *Mobile & Ohio R. R. Co.* v. *Ridley,* 114 Tenn. 727, and *Bracy* v. *North Western Improvement Co.,* 41 Mont. 338, as follows:

"The well established rule is, as laid down in the reported cases, that a person who incurs danger and is injured or killed in attempting to save human life is not guilty of contributory negligence, unless his conduct is such as to amount to rashness entailing almost certain injury.

"The rule rests upon the principle that it is commendable to save life, and, though a person attempting to save it voluntarily exposes himself to danger, the law will not readily impute to him responsibility for an injury received while doing so. In such case the incurring of the danger is not *per se* negligence, and the question whether there was contributory negligence is ordinarily to be answered by the jury upon proof of the circumstances surrounding the attempt to rescue—such as the alarm, excitement and confusion usually present, the uncertainty as to the means to be employed, the promptness required, and the liability to err in the exercise of judgment as to the best course to pursue—and great latitude of judgment must be allowed to one who is impelled by the dictates of humanity to decide and act in the face of emergencies."

The cases cited by appellee are not in point, because in those cases no one appears to have been in immediate danger.

*Judgment reversed and new trial awarded, with costs to appellant.*